IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JAMES PETER CONLAN, <br><br> Plaintiff <br><br> V. <br><br> **MID-ATLANTIC REGION COMMISSION ON HIGHER EDUCATION (MSCHE)** DOING BUSINESS AS **Middle States Association of Colleges and Schools** and the MIDDLE STATES COMMISSION ON HIGHER EDUCATION, et al., <br><br> Defendants | CIVIL ACTION NO. <br> 3:15-CV-02841 (CCC) <br><br> R.I.C.O. <br> Civil Rights <br> False Warranty |

PLAINTIFF'S MOTION TO DENY DEFENDANT'S MOTION TO ALLOW ROBERTO RIVERA SOTO TO PRACTICE PRO HAC VICE BEFORE THIS HONORABLE COURT AND HIS RECOMMENDATION OPPOSING ADMISSION OF PRO HAC VICE APPLICANT PAUL LANTIERI III EXCEPT AFTER CERTIFICATION

May it please this honorable district court:

    Comes now plaintiff JAMES PETER CONLAN PH.D., ESQUIRE, before this honorable court to oppose defendant's motion to admit Roberto Rivera-Soto *pro hac vice* (Docket Entry 13) and to offer recommendations in relation to the admission of Paul Lantieri III:

1

1. On 20 March 2016, local counsel and counsel of record for MSCHE moved for leave of an additional 30 days to answer complaint. Docket entry 11.

2. On 5 April 2016, local counsel and counsel of record moved this honorable court to admit two attorneys, Paul Lantieri III, (Docket Entry 12), and Robert Rivera Soto, Docket Entry 13, to appear *pro hac vice* in representation of defendant MSCHE.

3. This honorable court allowed plaintiff until **22 April 2016** to respond to local counsel's motion concerning the pro hac vice applicants. DE 12. DE 13, presumably prior to issuing a decision.

4. On 18 April 2016, the due date for commentary on Defendant's Motion for Leave of an Additional Thirty Days, (Docket Entry 11) plaintiff received a correspondence under color of a "safe harbor" letter from *pro hac vice* applicant Roberto A. Rivera-Soto. Plaintiff's Motion to Amend Complaint, exhibit 1. Docket Entry 14.

5. Local counsel and the other *pro hac vice* counsel applicant Paul Lantieri III were copied to this letter. Plaintiff's Motion to Amend Complaint, Ex. 1, p. 2.

6. The final paragraph of the letter, sent through email and through traditional mail,
made the following representation:

> "As a result, we demand that you withdraw your complaint with prejudice within twenty-one (21) days of service of this "safe harbor" letter on you. Should you fail to do so, we will move to have your complaint dismissed and sanctions imposed.  We trust that these steps will not prove necessary." Plaintiff's Motion to Amend Complaint, Ex. 1, p. 2. (D.E. 14)

7. Though using the first person plural, the letter was not signed by local counsel.
8. Though using the first person plural, the letter was not signed by counsel of record.
9. Though using the first person plural, the letter was not signed by the pro hac vice counsel.
10. The letter menaced plaintiff with sanctions if he did not withdraw his complaint.
11. The letter misrepresented the "safe harbor" rule.
12. According to this district's readings of Rule 5, a safe harbor letter, as opposed to serving an actual motion on the offender, is insufficient to trigger a "safe harbor" provision:

> "Rule 11 clearly states that the "motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged claim . . . is withdrawn or appropriately corrected within 21 days after service."

> Therefore, the safe harbor period begins to run only upon service of the proposed Rule 11 motion upon the party against whom sanctions are sought. Many courts have held that other types of notice, such as letters, are insufficient to trigger the beginning of the safe harbor period. *Roth v. Green*, 466 F.3d 1179, 1192 (10th Cir.2006) (nothing in Rule 11(c)(1)(A) suggests that letter addressed to alleged offending party will suffice to satisfy safe harbor requirements; rather, plain language of subsection (c)(1)(A) requires copy of actual motion for sanctions to be served on person accused of sanctionable behavior at least twenty-one days prior to filing of that motion); *Lancaster v. Zufle*, 170 F.R.D. 7 (S.D.N.Y.1996) (letter sent by defendant's counsel to plaintiff's counsel, which requested that plaintiff consider withdrawing lawsuit, was [260 | 261] not equivalent of compliance with Rule 11's safe harbor provision, since the plain language of rule expressly requires serving of formal motion); *Harding Univ. v. Consulting Servs. Group*, L.P., 48 F.Supp.2d 765, 770 (N.D.Ill.1999) (twenty-one-day period under Rule 11(b), during which counsel accused of filing frivolous document could take curative action by withdrawing or amending document, was not triggered by letter to plaintiffs' counsel demanding dismissal of suit, since defendants' counsel was required to serve plaintiffs' counsel with the motion for sanctions to trigger period). *Perez Y Cia. De Puerto Rico v. C & O Brokerage*, 672 F.Supp.2d 257, 260-1 (D.P.R., 2009)

13. Further, as this court explains, the "safe harbor" rule permits the attorney to take curative action by amending the complaint and curing the misrepresentations. *Perez Y Cia. De Puerto Rico v. C & O Brokerage*, 672 F.Supp.2d 257 (D.P.R., 2009) citing to *Harding Univ. v. Consulting Servs. Group*, L.P., 48 F.Supp.2d 765, 770 (N.D.Ill.1999):

> "The safe harbor provision of Rule 11 provides that the motion may not be filed with the court until at least 21 days after service of the motion on the offending party. Fed.R.Civ.P. 11(c). "If during this period, **the alleged violation is corrected**, as by withdrawing (whether formally or informally) some allegation or contention, the motion should not be filed with the court." Fed.R.Civ.P. 11 Advisory Committee Notes (1993 Amendments). Cited in *Harding Univ. v. Consulting Servs. Group*, L.P., 48 F.Supp.2d 765, 770 (N.D.Ill.1999).

In recent jurisprudence, this honorable court has taught that

> "In order to maintain the effective administration of justice and the integrity of the Court," Local Rule 83E(a) requires that attorneys practicing before the Court comply with the Model Rules of Professional Conduct ("Model Rules"), adopted by the American Bar Association ("ABA"). Loc. R. 83E(a). Misconduct by an attorney in any matter pending before the Court "may be dealt with directly by the judge in charge of the matter." Loc. R. 83E(d). An

3

order imposing discipline may include suspension, public or private reprimand, monetary penalties, continuing legal education, counseling, or "any other condition [that] the Court deems appropriate." Loc. R. 83E(c). Cruz-Aponte v. Caribbean Petroleum Corp. (D.P.R., 2015), p. 4.

15. The honorable district court further explains that
"The Model Rules instruct attorneys to "demonstrate respect for the legal system and for those who serve it, including . . . other lawyers" and to "maintain[] a professional, courteous and civil attitude toward all persons involved in the legal system." Model Rules of Prof'l Conduct pmbl. ¶¶ 5, 9. Model Rule 4.4 provides that an attorney "shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person." Id. r. 4.4(a). Model Rule 8.4(d) provides that it is professional misconduct for an attorney to "engage in conduct that is prejudicial to the administration of justice." Id. r. 8.4(d). Cruz-Aponte v. Caribbean Petroleum Corp. (D.P.R., 2015), p. 5.

16. The A.B.A. Model Rules also provide that

"In the course of representing a client a lawyer shall not knowingly:

(a) make a false statement of material fact or law to a third person."
A.B.A. Model Rule, 4.1.


17. Were sanctionable ethical violations to have arisen by sending the letter, said violations could not have been enforced against local counsel, inasmuch as local counsel had not signed the letter.
18. Were sanctionable ethical violations to have arisen by sending the letter, said violations could not have been enforced against the party, inasmuch as no counsel of record signed the letter.
19. There was therefore no identity of parts between the sender of the letter and either the local attorney or the party.

20. The "safe harbor" rule requires an identity of parts between the sender who serves the safe harbor motion on the alleged Rule 11 violator and the movant for sanctions.
21. As determined by the Court of Appeals for the First Circuit,

"The **moving party** must furthermore serve the Rule 11 motion on opposing counsel at least twenty-one days prior to filing with the court so as to provide the adversary time to withdraw the challenged paper, claim, contention, or defense. See Fed.R.Civ.P. 11(c)(2); Radcliffe v. Rainbow Constr. Co., 254 F.3d 772, 789 (9th Cir.2001) (reversing award of Rule 11 sanctions where **moving party** failed to comply with twenty-one-day "safe harbor" provision). *Lamboy–Ortiz v. Ortiz–Vélez*, 630 F.3d 228 (1st Cir., 2010)

22.  Judged by the "safe harbor" rule, *pro hac vice* applicant Roberto Rivera-Soto represented himself as already capacitated to represent the moving party twenty-one days from the sending of the letter, though (a) plaintiff had not exhausted the term established by this honorable court to weigh in on his application and (b) this honorable court had not yet admitted him to practice *pro hac vice*.

23. Local Rule, 83A(d) prohibits persons from practicing law in the district who have not been admitted by examination or by this honorable court, until they have been admitted pro hac vice. No passing reference by the plaintiff to a letter sent by pending counsel can cure that.

24. Local rule 83A(f) requires all persons practicing before this honorable court pro hac vice to have filings signed by both attorneys. See also *Mateo v. Empire Gas Co.*, 841 F. Supp. 2d 574 (D.P.R., 2012)

25.  Inasmuch as there was no identity of the parts, and no signature of either local counsel or counsel of record, said letter, even if it were framed as a motion, would not qualify as a "safe harbor" letter under Rule 11;

26.  Consequently, even if *pro hac vice* applicant Roberto Rivera-Soto sent the letter in good faith, though inattentive to the local district court's jurisprudence on the nature of what must be served on the Rule 11 offender, *pro hac vice* applicant Roberto Rivera-Soto, in employing the first person plural in making a demand of opposing counsel to withdraw his complaint

27. Dishonored Federal Rule of Civil Procedure, Rule 5;

28.  Dishonored Local Rule 83A(f), requiring a signature of local counsel for all *pro hac vice* filings with the court,

29.  Dishonored Local Rule 83A(d), prohibiting the practice of law within the district in violation of these rules;

30.  Dishonored plaintiff's right to respond to the motion to admit him to practice *pro hac vice*;

31.  Dishonored this honorable court's authority to exercise its discretion to deny Defendant's petition to allow him to practice *pro hac vice*;

32.  Further, even if written in good faith, *pro hac vice* applicant ought to have foreseen that his admission would have complicated the application of this letter:

(a)  Would the 21 days begin to run upon the letter being sent, the identity of the parties cured nunc pro tunc by admission of pro hac vice counsel?

(b) Would the 21 days begin to run upon the date admitting pro hac vice counsel, the identity of the parties cured upon the issuance of the order?

(c) Would the 21 days never begin to run, inasmuch as there was no identity of the parties who sent the letter at the time the letter was written?

33. Presuming a good faith attempt to represent the best interests of his client and not harass plaintiff with menacing misrepresentations on the final day that he was scheduled to submit his response to a defendant motion for extension of time to file an answer, blame then falls on local counsel, who, though presenting a motion for admission *pro hac vice*, apparently failed to instruct counsel in the local rules and local jurisprudence regarding Rule 11 safe harbor notification;

34. Local counsel could easily have cured the ambiguity upon receiving the letter to which he was copied by composing the objections raised in the letter into a motion then to be served on the alleged Rule 11 offender. Local counsel did not. From the perspective of the party's local counsel of record, then, the letter was not sent with the intent of fulfilling any function under Rule 11.

35. Local counsel is also unfortunately implicated in the sending of the "safe harbor" letter by *pro hac vice* counsel's use of "we":

36. That local counsel participate in the business of pro hac vice applications and supervise the conduct of pro hac vice counsel is no arbitrary and capricious requirement.

> "The Supreme Court has observed, approvingly, that " 'in many District Courts, the decision on whether to grant pro hac vice status to an out-of-state attorney is purely discretionary.' " [577 | 578] *Roma Const. Co. v. Russo*, 96 F.3d 566, 576–77 (1st Cir.1996) (quoting *Frazier v. Heebe*, 482 U.S. 641, 651 n. 13, 107 S.Ct. 2607, 2614 n. 13, 96 L.Ed.2d 557 (1987)); see also *In re Clark*, No. 88–5152, 861 F.2d 263, 1988 WL 105310, at *3 (4th Cir.1988) (unpublished table opinion) (affirming a district judge's revocation of an attorney's pro hac vice status for failing to attend trial). This District is not the exception; the local rule confers the Court with ample discretion to deny pro hac vice admission. See D.P.R. Civ. R. 83A(f) ( "The Court will not refund the [filing] fee if the [ pro hac vice ] motion is denied."); cf. id. ("The Court may at any time revoke pro hac vice admission for good cause without a hearing."); see also Puerto Rico American Ins. Co. v. Rivera–Vazquez, 603 F.3d 125, 133 (1st Cir.2010) (noting that district courts have "[b]road discretion in the administration and enforcement of its own local rules") (citing *United States v. Diaz–Villafane*, 874 F.2d 43, 46 (1st Cir.1989)). *Mateo v. Empire Gas Co*., 841 F. Supp. 2d 574, 577-8 (D.P.R., 2012)

37. In cases involving even the application of federal criminal law – law in which out-of-state counsel might be even better versed than local counsel and cases in which the defendant's Sixth Amendment rights to effective counsel are implicated -- this honorable district court has held that, under the Local Rules, local counsel's participation is a prerequisite for granting pro hac vice admission. *United States  v. Fernandez* (D.P.R., 2011); *US v. O'BRIEN*, 734 F. Supp. 569 (D.P.R., 1990).

> "According to the rules of this court, the decision to admit an attorney pro hac vice is up to the discretion of each trial judge, who 'in writing or otherwise, may find the person meets the standards for practice in the Court.'" *U.S. v. Panzardi-Alvarez*, 678 F. Supp. 353 (D.P.R., 1988) (overturned on Sixth Amendment grounds not applicable here).

6

38. By way of his unjustified use of the first person plural, *Pro hac vice* applicant implicates both local counsel and *pro hac vice* applicant in the composition of the demand included in this letter.

39. Attention to dictum in *U. S. v. Gonzalez-Lopez*, 126 S.Ct. 2557, 165 L. Ed. 2d 409, 74 U.S.L.W. 4453, 548 U. S. 140 (2006) at 147-8, (the case holding the arbitrary denial of accused counsel of choice "a structural error," indicates that choice of counsel arose first under Due Process grounds.

35. That said, it ought be recalled that this is a R.I.C.O. case, in which defendant MSCHE is accused of multiple counts of wire fraud and using the mail and wire service to extort, both predicate acts of racketeering.

38. To prove wire fraud under 18 U.S.C. §1343, the Court of Appeals for the First Circuit has held in that the government must show (1) scheme to defraud by means of false pretenses, (2) defendant's knowing and willful participation in scheme with intent to defraud, and (3) use of interstate wire communications in furtherance of scheme. *United States v. Cassiere*, 4 F.3d 1006 (1st Cir. 1993) as referenced in *U.S. Attorney's Manual*, §941, 18 U.S.C. §1343.

39. Even if plaintiff has a heightened sensitivity toward such violations, Pro hac vice counsel in no way helps his client's case nor accelerates the smooth operation of court procedure by misrepresenting law and fact in written and mailed correspondence under color of a Rule 11 safe harbor letter that demands plaintiff withdraw his cause of action on behalf of his client in which he implicates both local counsel and the other pro hac vice applicant.

WHEREFORE, plaintiff respectfully recommends that this honorable court DENY the motion to admit pro hac vice counsel , inasmuch as his intervention prior to being officially admitted have violated the local rules governing the representation of his client to the prejudice of plaintiff and the court,

AND

So as to ensure that the sending of said letter was not a means of testing the elasticity of the rules of pro hac vice representation, or some other scheme, Plaintiff respectfully recommends that this honorable court DENY ANY AND ALL motions of local counsel to admit pro hac vice counsel, until local counsel and counsel of record certify that
  (1) he had instructed both pro hac vice applicants in the Local Rule that all filings with the court must be signed by both local counsel and pro hac vice counsel
  (2) he had instructed pro hac vice counsel Roberto A. Rivera-Soto that, while his application was pending, he was prohibited from representing defendant; AND

   (3) neither local counsel nor pro se applicant Paul Lantieri III had prior knowledge that pro hac vice applicant Roberto A. Rivera-Soto was planning to send a warning letter to plaintiff under color of a Rule 11 motion notice without the signature of local counsel and counsel of record prior to being admitted to practice by this honorable district court.

RESPECTFULLY SUBMITTED this day, the 22 of April of 2016, in San Juan, Puerto Rico.

**I HEREBY CERTIFY** that on this day, 18 April 2016, in San Juan, Puerto Rico, that I have filed this motion with CM/ECF Live which will serve it on attorney for the Defendants, CARLOS A. RODRIGUEZ VIDAL, GOLDMAN ANTONETTI & CORDOVA, LLC, P.O. Box 70364, San Juan, P.R. 00936-0364, and whichever attorneys the honorable court chooses to admit *pro hac vice*.

Respectfully submitted, this day in San Juan, Puerto Rico,

/s/ James P. Conlan, Ph.D., Esquire

USDPR # 232007

James P. Conlan, Ph.D. Esquire
Condominio San Mateo Plaza PH-3
1626 San Mateo Street
San Juan, PR 00912
James.conlan@gmail.com
787-996-9301

8