IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **JAMES PETER CONLAN,**<br>**PLAINTIFF**<br><br>v.<br><br>**THE MID-ATLANTIC REGION COMMISSION ON HIGHER EDUCATION** doing business as the **Middle States Association of Colleges and Schools** and the **MIDDLE STATES COMMISSION ON HIGHER EDUCATION (MSCHE);**<br><br>**JOHN DOE,** insurer of MSCHE**; RICHARD ROE,** insurer**;**<br><br>AND<br><br>**LA ASOCIACION PUERTORRIQUENA DE PROFESORES UNIVERSITARIOS, INC. (APPU);**<br><br>**LA HERMANDAD DE EMPLEADOS EXENTOS NO DOCENTES DE LA UNIVERSIDAD DE PUERTO RICO (HEEND);**<br><br>**THE SINDICATO DE TRABAJADORES DE LA UNIVERSIDAD DE PUERTO RICO (STUPR);**<br><br>**UNIÓN BONAFIDE DE OFICIALES DE SEGURIDAD UPR (UBOS);**<br><br>**ORGANIZACIÓN DE PROFESORES UNIVERSITARIOS;**<br><br>**UPR-RP GENERAL STUDENT COUNCIL**<br><br>AND<br><br>**THE UNIVERSITY OF PUERTO RICO (UPR),** | **CIVIL NO. 3:15-CV-02841 (CCC)**<br><br>Federal Question:<br><br>**All Writs Act & Civil Rights:**<br>Writ of Assize of Novel Disseisin,<br>Writ of Assize of Nuisance;<br>Writ of Entry;<br>Writ of Waste<br><br>Federal Question:<br><br>**R.I.C.O.**<br>**Injunctive Relief and private plaintiff treble damages enforcement**<br><br>Diversity: Fraudulent Certification,<br>Breach of Warranty<br><br>**DEMAND FOR JURY TRIAL** |

1

| | |
|---|---|
| THE UNIVERSITY OF PUERTO RICO BOARD OF GOVERNORS (UPR JG); Mr. Jorge L. Sánchez Colón M.D., Dr. Carlos Pérez Díaz, Dra. Gloria Butrón Castelli, Dr. Juan B. Aponte Vázquez, Mr. Harold E. Soto Fortuño, Dr. Edgard Resto Rodríguez, Mr. Dennis Hickey Rivera, Hon. Rafael Román Meléndez, Mr. Fernando San Miguel Lloveras, Esquire, Dra. Ana María García Blanco, Mr. Rafael Escalera Rodríguez, Esquire, Mr. Christian Arvelo Forteza, AND Uroyoán R. Walker-Ramos, Ph.D., Carlos Severino, Ph.D., AND **FULANO DE TAL, INC.,** insurer of the University of Puerto Rico **FULANA DE TAL, INC.,** insurer of the University of Puerto Rico Board of Governors AND The HON. ALEJANDRO GARCIA PADILLA, Governor of the Commonwealth of Puerto Rico, **DEFENDANTS** | |

**NOTICE OF APPEARANCE WITHOUT SUBMITTING TO THE COURT'S JURISDICTION AND REQUEST FOR EXTENSION OF TIME TO MOVE TO DISMISS, ANSWER OR OTHERWISE PLEAD**

**TO THE HONORABLE COURT:**

NOW COMES Defendant **Asociación Puertorriqueña de Profesores Universitarios, Inc.** (APPU), through the undersigned attorney and without submitting to the Court´s

2

jurisdiction, and respectfully STATES, ALLEGES, AND PRAYS as follows:

1. Defendant APPU has recently retained the undersigned attorney and law firm to represent it in this case.

2. The undersigned attorney is in the process of analyzing the complaint and the summons serve on Defendant APPU.

3. As the Docket of the case shows, the *Complaint* in this case was filed on November 16, 2015 (Dkt. No. 1). An *Amended Complaint* in this case was filed on April 19th, 2016 (Dkt. No. 15). A *Second Amended Complaint* in this case was filed on May 10th, 2016 (Dkt. No. 22). And a *Plaintiff´s Motion to Amend the Complaint Nunc Pro Tunc* was filed on May 11th, 2016 requesting leave "to file Plaintiff´s Second Amended Complaint *nunc pro tunc*" (Dkt. No. 23).

4. Summons directed at APPU were issued on April 20th, 2016, and Summons and *Second Amended Complaint* were served on APPU on May 18th, 2016 (Dkt. No. 25). Therefore, a motion to dismiss or the answer to the complaint is due on June 8th, 2016.

5. The served *Second Amended Complaint* has 184 pages and multiple Exhibits. Among other things, the complaint is replete with rambling, incoherent allegations, inappropriate legal argument, and swaths of irrelevant background material, exhibits, so-called "learned commentary", and passages and exhibits in Spanish. In fact, it seems that the complaint and the Exhibits attached to it do not comply with the *Federal Rules of Civil Procedure*, including Rule 4, Rule 8, Rule 11 and others, and Local Rule D.P.R. Civ. R. 5(g); see, also, 48 U.S.C. §864.

6. A motion to dismiss the *Amended Complaint* was filed on May 31, 2016 by MSCHE Defendants because said pleading does not comply with the requirements of Rule 8 of the *Federal Rules of Civil Procedure* (Dkt. No. 28). Rule 8 requires that a pleading contain a

3

"short and plain statement" of the claim and the grounds for the court's jurisdiction, and that each allegation therein be "simple, concise, and direct."

7. On May 31, 2016 "MSCHE Defendants" also filed an ***Opposition… to Plaintiff´s Motion to Amend the Complaint Nunc Pro Tunc*** asking the Court to "deny plaintiff's motion for leave to file his proposed second amended complaint…" (Dkt. No. 29). MSCHE Defendants correctly maintain that "[t]he proposed second amended complaint fails to satisfy the fundamental pleading requirements of Rule 8, and therefore it is futile and serves no useful purpose."

8. In both their motions, MSCHE Defendants pray that if plaintiff wishes to proceed with his action, he should be required to file he should be required to file what the Rules, due process and basic common sense remand: a concise and direct complaint setting forth in short and plain terms the facts and legal theories that he asserts as grounds for relief from each defendant, for "[d]oing so would relieve the Court and all of the defendants from the impossible task of deciphering, much less responding to and ruling upon, the mishmash of allegations and claims in the amended complaint, and allow the Court to streamline the presentation and consideration of defenses from the various groups of defendants." (Dkt. Nos. 28 & 29)

9. The undersigned attorney is in the process of gathering the information required to prepare to move to dismiss, answer the complaint, or otherwise plead. The ***Second Amended Complaint*** presents convoluted factual and legal allegations that need to be duly analyzed and considered with Defendant APPU. Thus, Defendant APPU respectfully requests an extension of time of thirty (30) additional days, that is, until July 8th, 2016, to move to dismiss, answer the complaint, or otherwise plead.

10. The extension of time requested is for good cause and will not result in an undue delay of the proceedings nor cause harm upon Plaintiff; yet, it will allow the undersigned to gain the necessary understanding of the case to adequately represent APPU during the course of this litigation.

**WHEREFORE** it is respectfully requested that this Honorable Court: (1) to accept the undersigned attorney as APPU's attorney of record; and (2) to extend the time by thirty (30) additional days so as to allow Defendant APPU to move to dismiss, answer the complaint or otherwise plead by July 8th, 2016.

I hereby certify that on this same date I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the attorneys of record.

**RESPECTFULLY SUBMITED.**

In San Juan, Puerto Rico, this 7th day of June, 2016.

*s/Rafael A. Ortiz-Mendoza*

**RAFAEL A. ORTIZ MENDOZA**
USDC-PR 229103
Attorney for Defendant Asociación Puertorriqueña
de Profesores Universitarios, Inc. (APPU)

Edificio Banco Cooperativo Plaza
623 Avenida Ponce de León, Ste. 501-A
San Juan, Puerto Rico 00917-4805
Telephone: 787-963-0404
Facsimile: 787-751-2795
E-mail: rafael.ortiz.mendoza@gmail.com